IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-00522-MOC-DSC

| | |
|---|---|
| LARRY DAVIS, ) ) Plaintiff, ) ) ) v. ) ) WEISER SECURITY SERVICES, INC., et al., ) ) ) Defendants. ) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on "Defendant Weiser Security Services, Inc.'s Motion to Dismiss," Doc. 11, the "Motion to Dismiss for Defendant North Carolina National Guard," Doc. 16, and the parties' associated briefs and exhibits, Docs. 12, 17, 19, 20, 21 and 22.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

*Pro se* Plaintiff Larry Davis ("Plaintiff") filed this employment discrimination action on September 19, 2013. Doc. 1. Plaintiff named his former employer, Weiser Security Services, Inc. ("Weiser"), the North Carolina National Guard ("National Guard"), and individuals Randy Powell, James Roses, Jerry Bowman and Guy Maderes as Defendants. Plaintiff also moved the Court for permission to proceed in forma pauperis. Doc. 2. Plaintiff's Motion was granted on October 1,

2

2013. The Court directed the Clerk to prepare process and deliver the same to the U.S. Marshal for service upon the Defendants.

On September 30, 2015, the Court issued an order finding that the Clerk had inadvertently delivered the process to Plaintiff rather than to the Marshal. Doc. 4. Accordingly, the Court instructed the Clerk to re-issue process and deliver it to the Marshal. Weiser was served with a copy of the Summons and Complaint by certified mail on or about October 7, 2015. Doc. 6. The National Guard asserts that its process agent was never served. Doc 17 at 1-2.

Plaintiff formerly worked for Weiser as a security officer. In his Complaint, he alleges that he was subjected to harassment and wrongfully terminated on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). In support of his claims, Plaintiff alleges that he experienced "[h]arassment by National Guard through [his] employer", his field supervisor "was harassing [him] at work", and "undercover agents survey[ed] [his] actions at place of employment." Doc. 1 at 3-4. Plaintiff also alleges that he was "scrutinized more harshly" than other unidentified employees "in the same position." Id. at 4.

Plaintiff alleges that the discriminatory acts occurred on July 18, 2012, the day he was notified by Weiser that it "no longer had the site where [he] worked." Id. at 2. On March 1, 2013, Plaintiff filed an administrative Charge with the Equal Employment Opportunity Commission ("EEOC"). In the Charge, Plaintiff alleged that Weiser discriminated and retaliated against him in violation of the Americans with Disabilities Act ("ADA"). Plaintiff is seeking five billion dollars, in addition to correction of employment and National Guard records.

Defendants argue that the Court lacks subject matter jurisdiction and that the Complaint fails to state claims against them. The Motions to Dismiss have been fully briefed and are now ripe for review.

## II. DISCUSSION

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of a case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff's failure to exhaust administrative remedies under federal anti-discrimination laws is properly the subject of a motion to dismiss under Rule 12(b)(1). See Satterwhite v. Wal-Mart Stores E., L.P., No. 5:11- CV-363-BO, 2012 WL 255347, at *3 (E.D.N.C. Jan. 26, 2012); Brodrick v. Napolitano, No. 3:09-CV-450-FDW-DSC, 2010 WL 3397461, at *4 (W.D.N.C. Aug. 25, 2010).

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002); see also 42 U.S.C. § 2000e-5(f)(1). The general purpose behind this

requirement is to afford the employer sufficient notice of the alleged violations and avoid unnecessary litigation. Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005). When a plaintiff fails to exhaust his administrative remedies in a Title VII action, the federal court is deprived of subject matter jurisdiction. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

Furthermore, the scope of a federal action is limited by the contents of the EEOC Charge. Id. The Fourth Circuit has held that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). Claims that fall outside the scope of the EEOC Charge are procedurally barred. Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

Plaintiff's Complaint pleads a claim for race discrimination under Title VII. However, he did not raise the issue of Title VII racial discrimination anywhere in his EEOC Charge. His EEOC Charge filed on March 1, 2013 alleges claims for discrimination and retaliation under the ADA. Doc. 11, Ex. 1. He did not check the box labeled "race," nor did he mention "race" in the "Particulars" section of the Charge narrative. Id.

In addition, this Court has consistently held that "Title VII precludes a plaintiff from stating a claim against any defendant not named as a respondent in an EEOC charge." Schilling v. Rutherford Pediatrics, P.A., 346 F.Supp.2d 828 (W.D.N.C. 2004); Jackson v. Blue Dolphin Communications of North Carolina, 359 F.Supp.2d 442, 2004 WL 3216067 (W.D.N.C. 2004); see also 42 U.S.C. § 2000e–5(f)(1) (specifying that an individual may bring an action against a party "named in the charge."). Two exceptions to this requirement have arisen where: (1) the named and unnamed parties have the same functional identity, Alvarado v.

5

Board of Trustees, 848 F.2d 457 (4th Cir.1988); or (2) plaintiff can show that the unnamed employer had actual notice of the EEOC conciliatory efforts and participated in the EEOC proceedings. Bostic v. Wall, 588 F.Supp. 994, 997 (W.D.N.C. 1984), aff'd, 762 F.2d 997 (4th Cir.1985).

Plaintiff did not name the National Guard as a party or respondent in the Charge. The only reference to the National Guard is in the particulars section of the Charge where he states that he was "harassed on the job by my former National Guard Commanders." Doc. 11, Ex. 1. Nor does Plaintiff's Complaint provide any evidence of functional identity or any indication that the National Guard participated in the EEOC proceedings.

Finally, a plaintiff must file an EEOC Charge within 180 days of the alleged discriminatory act prior to filing suit under Title VII. Knight v. Tyson Foods, Inc., No. 3:12-CV-47-RJC, 2012 WL 7870174, at *1 (W.D.N.C. Apr. 23, 2012) aff'd, 474 F. App'x 268 (4th Cir. 2012) (citing 42 U.S.C. § 2000e–5(e)(1)). "Failure to meet this requirement results in an untimely claim which will be procedurally barred for failure to exhaust administrative remedies." Lambert v. Mecklenburg Cnty., No. CIV. 3:04CV628-H, 2006 WL 2620307, at *3 (W.D.N.C. Sept. 12, 2006).

Here, the allegations in the Complaint show that Plaintiff did not file an EEOC Charge within 180 days of the last discriminatory act. Plaintiff alleges that the discriminatory act, presumably the termination of his employment by Weiser, occurred on July 18, 2012. As such, Plaintiff needed to file his EEOC Charge by January 14, 2013. Plaintiff admits in his Complaint that his EEOC Charge was not filed until March 1, 2013. Doc. 1 at 3. Accordingly, Plaintiff's EEOC Charge was filed outside of the statutory period.

Even assuming that the last act of discrimination occurred on August 15, 2012, as alleged in his Charge, the Charge was still filed outside the 180-day limitations period. Since Plaintiff

failed to timely file his EEOC Charge, his claim is barred for failure to exhaust administrative remedies. See Mayes v. United Steel Workers Union, Local 1089, No. 3:12CV13-FDW, 2012 WL 137576, at *1 (W.D.N.C. Jan. 18, 2012) (dismissing pro se plaintiff's Title VII lawsuit sua sponte because, based upon plaintiff's own allegations, she failed to file an administrative Charge with the EEOC within 180 days of the alleged act of discrimination).

Plaintiff bears the burden of proving subject matter jurisdiction here. Smith v. Wash. Metro. Area Transit Auth., 290 F.3d 201, 205 (4th Cir. 2002). He has failed to establish that he exhausted his administrative remedies against these Defendants. Therefore, Plaintiff's claims under Title VII should be dismissed for lack of subject matter jurisdiction.

The undersigned respectfully recommends that Defendants' Motions to Dismiss be granted.

### III. ORDER

IT IS ORDERED that all further proceedings in this action, including all discovery, are STAYED pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant Weiser Security Services, Inc.'s Motion to Dismiss," Doc. 11, and the "Motion to Dismiss for Defendant North Carolina National Guard," Doc. 16, be GRANTED and Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendants; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 3, 2016

David S. Cayer
United States Magistrate Judge