UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00522-MOC-DSC

| | |
|---|---|
| **LARRY DAVIS,** )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>**WEISER SECURITY SERVICES, INC** )<br>**NORTH CAROLINA NATIONAL GUARD** )<br>**JERRY BOWMAN** )<br>**RANDY POWELL** )<br>**GUY MADERES** )<br>**JAMES ROSES,** )<br>)<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Plaintiff filed his Objections (#25) one day late, but in light of his *pro se* status, the court has considered those objections as timely and given them, and the documents attached thereto, full consideration.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute

1

"when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Here, defendants have shown that this court lacks subject matter jurisdiction over plaintiff's claims of racial discrimination inasmuch as plaintiff failed to first exhaust administrative remedies before filing those claims in this court. The undisputed record clearly shows that plaintiff only alleged a claim under the ADA in his EEOC complaint and that he never named the North Carolina National Guard as a respondent therein. The Objections and the documents attached thereto do not in any manner cure the problem's Judge Cayer identified in his Memorandum and Recommendation. While plaintiff asks the court to let his case "move forward," this case cannot, unfortunately, move forward as a matter of law because he failed to properly exhaust his administrative remedies before filing this law suit. Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties

or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Here, this court clearly lacks subject-matte jurisdiction as Judge Cayer properly concluded.

As to the recommendation that such dismissal be with prejudice, Rule 41(b), Fed.R.Civ.P., provides in relevant part that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . except one for lack of jurisdiction . . . operates as an adjudication on the merits." As other courts have found,

> [d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case. *See Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir.2005). It is true that, in rare cases where a district court lacks jurisdiction, the court may dismiss a claim with prejudice "as a sanction for misconduct." *Id.* But there was no finding of misconduct here.

Revere v. Wilmington Finance, 406 Fed.Appx. 936, 937 (6th Cir. 2011). While Judge Cayer may well be correct that such dismissal should be with prejudice, and is in every practical sense correct inasmuch as these claims have most certainly abated, the court will not make such dismissal "with prejudice."

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#24) is **AFFIRMED** as herein modified**,** the Motions to Dismiss (#11 & #16) are **GRANTED,** and this action is **DISMISSED** without prejudice.

Signed: March 1, 2016

Max O. Cogburn Jr.
United States District Judge