UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00522-MOC-DSC

| | | |
|---|---|---|
| **LARRY DAVIS,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **WEISER SECURITY SERVICES, INC** | ) | |
| **NORTH CAROLINA NATIONAL GUARD** | ) | |
| **JERRY BOWMAN** | ) | |
| **RANDY POWELL** | ) | |
| **GUY MADERES** | ) | |
| **JAMES ROSES,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on a letter dated March 11, 2016, which was filed by this court on March 28, 2016, after hand delivery. In that letter, defendant states in relevant part as follows:

> I, Larry Davis, am seeking reconsideration of this case on the decision that was rendered on March 2, 2016.
> This case does have merit because I tried every avenue that was available to no avail. There was not any stone that I didn't turn over. These individuals need to be reprimanded for their actions towards me[.] Their actions were [in]excusable. And they should be relieved of their positions.
> I am fully aware that every time I left my former residence that someone entered my home illegally. Everything that I have stated is true. I would not have problem speaking with the FBI or being administered a polygraph test.
> Randall Powell is a less than admirable police officer and National Guard Commander.

Letter (#28). The court has considered this letter to be defendant's Motion to Reconsider the court's Order and Judgment dismissing this action.

-1-

Generally speaking, "it is improper to file a motion for reconsideration, simply to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" N. Carolina ex rel. Cooper v. Tennessee Valley Auth., No. 1:06CV20, 2008 WL 2115159, at *2 (W.D.N.C. May 16, 2008) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)). This court has previously noted that a motion for reconsideration is appropriate only when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ... [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred].

Id. (quoting Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003). "Such problems rarely arise and the motion to reconsider should be equally rare." Id.

Here, plaintiff points to no such error, but argues that it is his belief that defendants are in the wrong. Such belief does not, however, give the court any basis to change its decision on a motion for reconsideration. If plaintiff believes this court is wrong, plaintiff has the right to appeal this decision to the Court of Appeals for the Fourth Circuit and he will be given instructions at the end of this Order as to how to notice an appeal.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Reconsideration (#28) is GRANTED, and after such reconsideration, the court reaffirms its Order and the Judgment dismissing this action.

**Advice of Appellate Rights**

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment or this Order denying relief upon reconsideration requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: March 31, 2016

Max O. Cogburn Jr
United States District Judge